IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BUFORD GERALD POSTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 126-055 |
| | ) | |
| LOGAN MARSHALL, Sheriff of McDuffie County, | ) ) | |
| | ) | |
| Respondent.[1] | ) | |

———————

**O R D E R**

———————

On March 23, 2026, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed, which was not submitted on the standard form petition, and which was signed by Peace Lea Weaver as next friend of Petitioner, not by Petitioner Buford Gerald Poston.  (See doc. no. 1.)  Accordingly, on March 26, 2026, the Court ordered Petitioner to submit an amended petition personally signed by him on the appropriate form within fourteen days.  (Doc. no. 2.)  On April 13, 2026, the Court's March 26th Order, which was sent to Petitioner to McDuffie County Jail, was returned as undeliverable.  (Doc. no. 3.)  On April 16, 2026, the Court re-served its March 26th Order on Petitioner at a different address for McDuffie County Jail and extended his deadline for filing an amended petition.  (Doc. no. 4.)

---

[1] Although Petitioner has recently moved facilities, (doc. no. 6), the Court need not determine at this time who the proper Respondent should be in light of the unresolved issues described herein.

On April 21, 2026, Peace Lea Weaver filed a "Motion for Emergency Relief," in which she describes that Petitioner has been transferred to Georgia Diagnostic and Classification State Prison[2] and remains "detained under circumstances that violate constitutional protections, as set forth in the Petition for Writ of Habeas Corpus." (Doc. no. 5.) She also filed a notice of change of address on Petitioner's behalf to reflect Petitioner's transfer. (Doc. no. 6.)

The Court previously explained that Peace Lea Weaver cannot proceed as next friend of Petitioner and directed Petitioner to submit an amended petition signed by himself personally. (See doc. no. 2.) However, in light of the above-described mail issues, it is unclear whether Petitioner has received any of the Court's prior Orders instructing him to file an amended petition. Accordingly, the Court will afford Petitioner another opportunity to submit an amended petition signed by himself personally in accordance with the instructions set forth in the Court's March 26th Order. The Court **DIRECTS** the **CLERK** to re-serve the March 26th Order and accompanying attachments, (doc. no. 2), and April 16th Order, (doc. no. 4), on Petitioner at his new address. This Order shall too be included in the same envelope. The

---

[2] Petitioner's transfer from county jail to state prison suggests he has recently been convicted and is now a state prisoner, not a pretrial detainee. Accordingly, it is currently unclear whether Petitioner may bring his habeas corpus claims pursuant to 28 U.S.C. § 2241. See Woodyard v. Baldwin Cnty. Sheriff's Dep't, No. CV 1:24-00210, 2025 WL 398645, at *2 (S.D. Ala. Jan. 13, 2025) ("It is well-recognized that a § 2241 petition is moot once the petitioner has been convicted on the underlying state charges since a federal court can no longer grant meaningful relief for pretrial federal rights violations once the petitioner is held as a convicted defendant."), adopted by 2025 WL 394974 (S.D. Ala. Feb. 4, 2025).

Furthermore, although "'both Sections 2241 and 2254 authorize [petitioner's] challenge to the legality of his continued state custody,' . . . allowing him to file his 'petition in federal court pursuant to Section 2241 without reliance on Section 2254 would . . . thwart Congressional intent.'" Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003) (quoting Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001)). Where "state prisoners 'in custody pursuant to the judgment of a State court'" petition for a writ of habeas corpus, "the prisoner is subject to [] section [2254]'s restrictions." Id. at 1060-61 (quoting § 2254(a)). However, because the Court has not yet received an amended petition, or even heard from Petitioner himself, the Court declines to decide this issue at this time.

Court further **EXTENDS** the deadline for Petitioner to file an amended petition.  Petitioner shall have through and including May 11, 2026, to file his amended petition.  Failure to submit an amended petition signed personally by Petitioner will result in a recommendation that this case be dismissed without prejudice.

SO ORDERED this 23rd day of April, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3